## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

DAKOTA NELSON;
BELINDA BIAFORE, individually and
as Chairperson of the West Virginia
Democratic Party; ELAINE A. HARRIS,
individually and as Chairperson of the Kanawha County
Democratic Executive Committee; WEST VIRGINIA
DEMOCRATIC PARTY; and WEST VIRGINIA
DEMOCRATIC HOUSE LEGISLATIVE
COMMITTEE,

Plaintiffs,

v.                                                          Civil Action No. 3:19-cv-00898

MAC WARNER in his official capacity as
WEST VIRGINIA SECRETARY OF STATE and
VERA MCCORMICK, in her official capacity as
CLERK OF KANAWHA COUNTY, WEST VIRGINIA,

Defendants.

### ANSWER TO AMENDED COMPLAINT

Comes Now Defendant Mac Warner, Secretary of State for the State of West Virginia (the "Secretary"), by counsel, and responds to the allegations contained in the Amended Complaint as follows:

### Nature of the Case

1.   The Secretary admits that Paragraph 1 of the Amended Complaints states the general substance and perceived purpose of the Amended Complaint, but denies the underlying facts asserted therein, including any and all allegations that West Virginia Code section 3-6-2(c)(3) ("Ballot Order Statute"), arbitrarily favors a single political party.

2. In response to Paragraph 2 of the Amended Complaint, the Secretary admits that the Ballot Order Statute requires parties to be listed on a ballot in descending order based on the number of votes in West Virginia by the parties' presidential candidate in the last preceding presidential election. The Secretary denies the remaining allegations contained in Paragraph 2 and demands strict proof thereof.

3. The Secretary denies the allegations in Paragraph 3 of the Amended Complaint and demands strict proof thereof.

4. In response to Paragraph 4 of the Amended Complaint, the Secretary admits that the Ballot Order Statute applies to general election ballots in West Virginia. The Secretary denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Amended Complaint that Plaintiffs supported and intend to continue to support Democratic candidates in West Virginia and, therefore, denies the same. The Secretary denies the remaining allegations in Paragraph 5 and demands strict proof thereof.

6. The Secretary denies the allegations in Paragraph 6 of the Amended Complaint.

7. The Secretary denies the allegations in Paragraph 7 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of the applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

8. The Secretary denies the allegations in Paragraph 8 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate

representation of the applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

9. The Secretary states that Paragraph 9 is either a legal conclusion or is not a statement of fact to which a response is required.

10. The Secretary denies the allegations in Paragraph 10 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of the applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

**Jurisdiction and Venue**

11. In response to the allegations contained in Paragraph 11 of the Amended Complaint, the Secretary states that this is either a legal conclusion or is not a statement of fact to which a response is required. The Secretary does, however, deny this conclusion insofar as it assumes that Plaintiffs have standing to bring this action under the cited authorities.

12. The Secretary admits that the allegations contained in Paragraph 12 of the Amended Complaint are generally a correct statement of the operation of the statute cited therein to confer jurisdiction, based on Plaintiffs' characterization of their claims. The Secretary denies, however, the allegations in Paragraph 12 insofar as they assume that Plaintiffs have standing to bring this action under the cited authorities.

13. In response to the allegations in Paragraph 13 of the Amended Complaint, the Secretary admits that this Court has personal jurisdiction over the Secretary.

14. The Secretary admits that the allegations contained in Paragraph 14 of the Amended Complaint are generally a correct statement of the statute cited therein and that venue is proper.

15. The Secretary admits that the allegations contained in Paragraph 15 of the Amended Complaint are generally a correct statement of the statute cited therein.

### Parties

16. In response to the allegations in Paragraph 16 of the Amended Complaint, the Secretary admits, upon information and belief, that Plaintiff Dakota Nelson ("Nelson") is a resident of Huntington, Cabell County, West Virginia and a member of the Democratic Party, that he ran as a nominee of the Democratic Party in 2018 and was listed on the ballot under the Republican candidates; and that he has filed as a pre-candidate for West Virginia House of Delegates in District 16 for the 2020 election. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of those allegations that Nelson regularly supports Democratic Candidates in West Virginia and intends to vote for Democratic Party candidates in the upcoming November 2020 general election and, therefore, denies the same. The Secretary denies the remaining allegations in Paragraph 16 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs and are not necessarily an accurate representation of West Virginia law and other applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

17. In response to the allegations in Paragraph 17 of the Amended Complaint, the Secretary admits, upon information and belief, that Plaintiff Belinda Biafore ("Biafore") is a resident of Fairmont, Marion County, West Virginia; that she has been a member of the Democratic Party for over forty-four years; and that she serves as Chairperson of the West Virginia Democratic Party and previously served as party vice chairperson and member of the executive committee and in several leadership roles in the West Virginia Federation of Democratic Women. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of those allegations that Biafore has been an active supporter of the Democratic

Party for over fifty years, regularly supports Democratic candidates in West Virginia elections, and intends to vote for Democratic Party candidates in the upcoming November 2020 general election. The Secretary denies the remaining allegations in Paragraph 17 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs and are not necessarily an accurate representation of West Virginia law and other applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

18. In response to the allegations in Paragraph 18 of the Amended Complaint, the Secretary admits, upon information and belief, that Plaintiff Elaine A. Harris ("Harris") is a resident of Kanawha County, West Virginia, has been a member of the Democratic Party in West Virginia for many years, and currently serves as Chairperson of the Kanawha County Democratic Executive Committee. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of those allegations that Harris regularly supports Democratic candidate in West Virginia elections and intends to vote for Democratic Party candidates in the upcoming November 2020 general election. The Secretary denies the remaining allegations in Paragraph 18 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs and are not necessarily an accurate representation of West Virginia law and other applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

19. In response to the allegations in Paragraph 19 of the Amended Complaint, the Secretary admits, upon information and belief, that Plaintiff West Virginia Democratic Party ("WVDP") is a state political party and the West Virginia chapter of the United States Democratic Party and that it has as its mission to elect Democratic candidates across West Virginia. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of those allegations that the WVDP represents a diverse group of stakeholders, including

elected officials, candidates for elected office, state committee members, advisory caucuses, affiliate groups, grassroots activities, and active voters; that it works to accomplish its mission by making expenditures, working to increase turnout to elect Democratic candidates at both the State and federal level, including through voter encouragement ("GOTV") and voter persuasion efforts, and by assisting West Virginians to ensure that all eligible voters have access to the franchise; and that the WVDP has previously engaged in, and plans to continue to engage in, expenditures on behalf of Democratic Party candidates and GOTV assistance. The Secretary denies the remaining allegations in Paragraph 19 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs and are not necessarily an accurate representation of West Virginia law and other applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

20. In response to the allegations in Paragraph 20 of the Amended Complaint, the Secretary admits, upon information and belief, that Plaintiff West Virginia Democratic House Legislative Committee ("WVDHLC") is the West Virginia House of Delegates's Democratic political party caucus campaign committee as defined by West Virginia Code § 3-8-1a(6) and has as its mission electing Democratic candidates to the West Virginia House of Delegates from across West Virginia. The Secretary lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of those allegations that the WVDHLC has identified several delegate districts in West Virginia as targeted races in 2020, in which it will expend significant resources to support Democratic candidate, and that the WVDHLC expects to make contributions and expenditures to persuade and mobilize voters to support Democratic candidates in delegate elections around the state. The Secretary denies the remaining allegations in Paragraph 20 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs and are not

6

necessarily an accurate representation of West Virginia law and other applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

21. The Secretary states that Paragraph 21 is not a statement of fact to which a response is required.

22. In response to the allegations in Paragraph 22 of the Amended Complaint, the Secretary admits that he is currently the West Virginia Secretary of State and has the powers and duties in his official capacity as Secretary of State, including being the State's chief elections official, that are conferred upon him by the West Virginia Constitution, West Virginia Code, and the West Virginia Code of State Rules. The Secretary denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23. In response to the allegations in Paragraph 23 of the Amended Complaint, the Secretary admits, upon information and belief, that Defendant Vera McCormick ("McCormick") is named in her official capacity as Clerk of Kanawha County, that the Kanawha County Clerk is Kanawha County's chief election officer, that the Kanawha County Clerk is the chair of the Kanawha County Ballot Commission, and that a county clerk and ballot commission have the powers and duties in their respective official capacities as conferred upon them by the West Virginia Constitution, West Virginia Code, and the West Virginia Code of State Rules. The Secretary denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24. The Secretary denies the allegations in Paragraph 24 of the Amended Complaint.

**Factual Background**

25. The Secretary denies the allegations in Paragraph 25 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of the applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

26.     The Secretary is without sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint that academic research confirms that there is an advantage from being listed first and, therefore, denies the same.  As to the remaining allegation therein, the Secretary states that it is a legal conclusion or is not a statement of fact to which a response is required.

27.     The Secretary admits that the allegations contained in Paragraph 27 of the Amended Complaint are generally a correct statement of the statute cited therein.

28.     The Secretary denies the allegations in Paragraph 28 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of the applicable authority.  Therefore, the Secretary denies the same and demands strict proof thereof.

29.     The Secretary denies the allegations in Paragraph 29 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law.  Therefore, the Secretary denies the same and demands strict proof thereof.  To the extent Plaintiffs are alleging these statements as factually allegations the Secretary denies the same.

30.     The Secretary is without sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Amended Complaint and, therefore, denies the same.

31.     The Secretary denies the allegations in Paragraph 31 of the Amended Complaint.

32.     The Secretary denies the allegations in Paragraph 32 of the Amended Complaint.

33. The Secretary denies the allegations in Paragraph 33 of the Amended Complaint.

34. The Secretary denies the allegations in Paragraph 34 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

35. The Secretary denies the allegations in Paragraph 35 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law. Therefore, the Secretary denies the same and demands strict proof thereof.

## COUNT I
## Undue Burden on the Right to Vote

36. In answering the Paragraph 36 of the Amended Complaint, the Secretary incorporates by reference its responses to Paragraphs 1 through 36 as fully set forth herein.

37. The Secretary admits that the allegations contained in Paragraph 37 are generally a correct statement of the legal authority cited.

38. The Secretary denies the allegations in Paragraph 38 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

39. The Secretary denies the allegations in Paragraph 39 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

40. The Secretary denies the allegations in Paragraph 40 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

41. The Secretary denies the allegations in Paragraph 38 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

42. The Secretary denies the allegations in Paragraph 42 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

## COUNT II
### Disparate Treatment in Violation of the Right to Equal Protection

43. In answering the Paragraph 43 of the Amended Complaint, the Secretary incorporates by reference its responses to Paragraphs 1 through 43 as fully set forth herein.

44. The Secretary admits that the allegations contained in Paragraph 44 are generally a correct statement of the legal authority cited therein.

45. The Secretary admits that the allegations contained in Paragraph 45 are generally a correct statement of the legal authority cited therein.

46. The Secretary denies the allegations in Paragraph 46 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

47. The Secretary denies the allegations in Paragraph 47 of the Amended Complaint as these statements contain legal conclusions of the Plaintiffs that are not necessarily an accurate representation of West Virginia law and applicable authority. Therefore, the Secretary denies the same and demands strict proof thereof.

48. In response to the remainder of the Amended Complaint following Paragraph 47, the Secretary states that the Plaintiffs are not entitled to the relief requested and, to the extent a response is required, denies all allegations following Paragraph 47.

49. The Secretary denies all allegations contained in the Amended Complaint which are not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted and a valid cause of action. Plaintiffs' alleged injury is wholly conjectural and has been met with skepticism by the Fourth Circuit. *See Libertarian Pty. of Va. v. Alcorn*, 826 F.3d 708, 718-19, 720 (4th Cir. 2016).

### Second Affirmative Defense

Plaintiffs lack standing under Article III of the United States Constitution to bring this action against the Secretary. Thus, this civil action must be dismissed for lack of subject matter jurisdiction.

### Third Affirmative Defense

Plaintiffs have not presented a case or controversy to be adjudicated by this Court, and, therefore, this civil action must be dismissed for lack of subject matter jurisdiction under the ripeness doctrine

### Fourth Affirmative Defense

The doctrine of constitutional estoppel bars Plaintiffs from challenging the constitutionality of a statute from which they have received the alleged benefit they are claiming as an injury.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by laches as Plaintiffs waited an unreasonable period of time before asserting their claims, if any, against the Secretary in light West Virginia Code section 3-6-2(c)(3) having been in effect since 1991.

### Sixth Affirmative Defense

Plaintiffs' claims and requested relief are barred by sovereign immunity under the Eleventh Amendment of the United States Constitution under *Ex parte Young*, 209 U.S. 123 (1908). S*ee Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011).

### Seventh Affirmative Defense

The Secretary hereby invokes and asserts all affirmative defenses which may prove applicable herein, including but not necessarily limited to, those defenses specifically set forth in Rule 8(c) of the Federal Rules of Civil Procedure as though fully set forth herein. The Secretary also asserts all defenses which may be applicable under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Mac Warner, Secretary of State for the State of West Virginia, prays that this civil action be dismissed, that he recover his costs in connection therewith, including reasonable attorneys' fees, and that she be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

MAC WARNER, SECRETARY OF STATE
OF THE STATE OF WEST VIRGINIA

By Counsel,

PATRICK MORRISEY
ATTORNEY GENERAL


*/s/ Curtis R. A. Capehart*
Curtis R. A. Capehart
(WV Bar No. 9876)
 *Deputy Attorney General*
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email:  Curtis.R.A.Capehart@wvago.gov
Telephone:  (304) 558-2021
Facsimile:  (304) 558-0140

*Counsel for Mac Warner, Secretary of State of the State of West Virginia*

DATE:  January 21, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

DAKOTA NELSON;
BELINDA BIAFORE, individually and
as Chairperson of the West Virginia
Democratic Party; ELAINE A. HARRIS,
individually and as Chairperson of the Kanawha County
Democratic Executive Committee; WEST VIRGINIA
DEMOCRATIC PARTY; and WEST VIRGINIA
DEMOCRATIC HOUSE LEGISLATIVE
COMMITTEE,

Plaintiffs,

v.                                                               Civil Action No. 3:19-cv-00898

MAC WARNER in his official capacity as
WEST VIRGINIA SECRETARY OF STATE and
VERA MCCORMICK, in her official capacity as
CLERK OF KANAWHA COUNTY, WEST VIRGINIA,

Defendants.

## CERTIFICATE OF SERVICE

I caused a true copy of the foregoing "*Answer to Amended Complaint*" to be served on the Clerk of Court and all parties electronically via the CM/ECF system and on non-ECF participants by depositing in the United States Postal Service a copy addressed as follows this 21st day of January:

Vera McCormick
Kanawha County Clerk
409 Virginia Street East
Charleston, WV 25301

                                                  PATRICK MORRISEY
                                                  ATTORNEY GENERAL

                                                  */s/ Curtis R. A. Capehart*
                                                  Curtis R. A. Capehart