UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

DAKOTA      NELSON;      BELINDA
BIAFORE,   individually   and   as
Chairperson   of   the   West   Virginia
Democratic Party; ELAINE A. HARRIS,
individually  and  as  Chairperson  of  the
Kanawha  County  Democratic  Executive
Committee;      WEST      VIRGINIA
DEMOCRATIC  PARTY;  and  WEST
VIRGINIA    HOUSE    LEGISLATIVE
COMMITTEE,

    Plaintiffs,


v.                                                                    **Civil Action No. 3:19-cv-0898**
                                                                     **Honorable Robert C. Chambers**

MAC WARNER in his official capacity as
West  Virginia  Secretary  of  State;  and
VERA  MCCORMICK,  in  her  official
capacity  as  Clerk  of  Kanawha  County
West Virginia,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF VERA MCCORMICK

    **COMES NOW** Defendant County Clerk Vera McCormick, by counsel, Bailey & Wyant,

PLLC, and Michael W. Taylor, and for her Answer and Affirmative Defenses, states as follows:

## ANSWER

    In  response  to  the  enumerated  paragraphs  of  Plaintiff's  Amended  Complaint,  County

Clerk McCormick states as follows:

    1.    In  response  to  paragraph  1  of  Plaintiffs'  Amended  Complaint,  County  Clerk

McCormick asserts that this paragraph contains a general description of the nature of the lawsuit

and therefore, no response is necessary.  To the extent a response is necessary, County Clerk McCormick asserts that the statute referenced therein speaks for itself.  By way of further response, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

2.       Paragraph 2 of Plaintiffs' Amended Complaint contains a paraphrasing of the relevant portion of *West Virginia Code* § 3-6-2(c)(3), the "Ballot Order" statute.  In response to this paragraph, County Clerk McCormick responds by incorporating the statute therein. Moreover, paragraph 2 of Plaintiffs' Amended Complaint contains a legal conclusion for which no response is necessary.  As for the factual predicate of paragraph 2, County Clerk McCormick admits that Donald Trump received the highest number of votes in West Virginia, that Donald Trump is affiliated with the Republican Party and, that under the Ballot Order Statute, said statute will set the order for the general election ballot.

3.       County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 3 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.

4.       County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 4 of Plaintiff's Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

5.      In response to paragraph 5 of Plaintiffs' Amended Complaint, County Clerk McCormick denies that she has caused or will cause Dakota Nelson any injury, as Dakota Nelson is not a Kanawha County resident, will not be placed on a ballot within Kanawha County and will not vote in Kanawha County.  By way of further response, County Clerk McCormick denies that the Plaintiffs have standing to assert this claim against County Clerk McCormick. Additionally, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  As it relates to any factual predicate contained within this paragraph, County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 5 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.

6.      In response to paragraph 6 of Plaintiffs' Amended Complaint, County Clerk McCormick denies that she has caused or will cause Dakota Nelson any injury, as Dakota Nelson is not a Kanawha County resident, will not be placed on a ballot within Kanawha County and will not vote in Kanawha County.  By way of further response, County Clerk McCormick denies that the Plaintiffs have standing to assert this claim against County Clerk McCormick. Additionally, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  As it relates to any factual predicate contained within this paragraph, County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 6 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.

7.      In response to paragraph 7 of Plaintiffs' Amended Complaint, paragraph 7 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

8.      In response to paragraph 8 of Plaintiffs' Amended Complaint, paragraph 8 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

9.      In response to paragraph 9 of Plaintiffs' Amended Complaint, paragraph 9 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

10.     Paragraph 10 of Plaintiffs' Amended Complaint contains a request for this Court and therefore, no response is necessary.  To the extent that a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

11.     In response to paragraph 11 of Plaintiffs' Amended Complaint, paragraph 11 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as

written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

12.     In response to paragraph 12 of Plaintiffs' Amended Complaint, paragraph 12 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

13.     In response to paragraph 13 of Plaintiffs' Amended Complaint, paragraph 13 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick denies that this Court has jurisdiction over this Defendant because these Plaintiffs' lack standing to sue.

14.     In response to paragraph 14 of Plaintiffs' Amended Complaint, paragraph 14 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick denies that this Court has venue over this Defendant because these Plaintiffs' lack standing to sue.  Further, pursuant to 28 U.S.C. § 1404, this matter is more properly before a District Court housed in Charleston, as County Clerk McCormick is situated within Kanawha County.

15.     In response to paragraph 15 of Plaintiffs' Amended Complaint, paragraph 15 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

16.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 16 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has no authority or control over the ballot for which Dakota Nelson seeks election.

17.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 17 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has no authority or control over the ballot for which Belinda Biafora is eligible to vote as a resident of Marion County, West Virginia.

18.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 18 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

19.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 19 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

20.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 20 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.  By way of further response, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

21.     Paragraph 21 of Plaintiffs' Amended Complaint contains no factual statement and therefore, no response is deemed necessary.

22.     The allegation in paragraph 22 of Plaintiffs' Amended Complaint is not directed at County Clerk McCormick and therefore no response is necessary.

23.     County Clerk McCormick admits that she is the Clerk for the County Commission of Kanawha County, West Virginia.  County Clerk McCormick admits that she is statutorily designated as the chief elections officer for Kanawha County.[1]  Further, County Clerk McCormick admits that *West Virginia Code* § 3-1-19(c) requires her, in her official capacity as County Clerk, to serve as the Chair for the Ballot Commission of Kanawha County.  As for the duties of the Ballot Commission, *West Virginia Code* identifies said duties and therefore, County Clerk McCormick incorporates that in full in response to this allegation in the Amended Complaint.  Finally, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

---

[1] The Amended Complaint refers in this paragraph to a "Smith."  This Smith is presumably referring to Phyllis Smith, the Clerk for the County Commission of Cabell County.

6

24.     County Clerk McCormick denies that she is an appropriate representative of a defendant class of West Virginia Ballot Commissioners and further denies that a class is appropriate for this matter.

25.     In response to paragraph 25 of Plaintiffs' Amended Complaint, paragraph 25 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

26.     County Clerk McCormick is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 26 of Plaintiffs' Amended Complaint and therefore, denies the same and demands strict proof thereof.

27.     Paragraph 27 of Plaintiffs' Amended Complaint contains a paraphrasing of the relevant Ballot Order statute.  In response to this paragraph, County Clerk McCormick responds by incorporating the statute therein.  Moreover, paragraph 27 of Plaintiffs' Amended Complaint contains a legal conclusion for which no response is necessary.  As for the factual predicate of paragraph 27, County Clerk McCormick admits that Donald Trump received the highest number of votes in West Virginia, that Donald Trump is affiliated with the Republican Party and, that under the Ballot Order Statute, and that the order for the general election ballot will be set by statute.

28.     Paragraph 28 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary.

29.     Paragraph 29 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

30.     Paragraph 30 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

31.     Paragraph 31 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

32.     Paragraph 32 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

33.     Paragraph 33 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature. By way of further response, County Clerk McCormick asserts that she is not the cause of the alleged severe and irreparable harm to the Plaintiffs.

34.     In response to paragraph 34 of Plaintiffs' Amended Complaint, paragraph 34 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  Paragraph 34 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

35.     In response to paragraph 35 of Plaintiffs' Amended Complaint, paragraph 35 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  Paragraph 35 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

36.     County Clerk McCormick incorporates her responses to Paragraph 1 through 35 as if fully asserted herein.

37.     In response to paragraph 37 of Plaintiffs' Amended Complaint, paragraph 37 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

38.     In response to paragraph 38 of Plaintiffs' Amended Complaint, paragraph 38 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

39.     Paragraph 39 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

40.     Paragraph 40 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

41.     In response to paragraph 41 of Plaintiffs' Amended Complaint, paragraph 41 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  Paragraph 41 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

42.     County Clerk McCormick denies the allegations contained in Paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

43.     County Clerk McCormick incorporates her responses to Paragraph 1 through 42 as if fully asserted herein.

44.     Paragraph 44 of Plaintiffs' Amended Complaint contains a paraphrasing of the 14th Amendment to the United States Constitution.  In response, County Clerk McCormick incorporates the entirety of the 14th Amendment in response to this paragraph.

45.     In response to paragraph 45 of Plaintiffs' Amended Complaint, paragraph 45 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

46.     In response to paragraph 46 of Plaintiffs' Amended Complaint, paragraph 46 contains a legal conclusion to which no response is deemed necessary.  To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.  Paragraph 46 of Plaintiffs' Amended Complaint contains argument and conclusion, for which no response is necessary. To the extent a response is necessary, County Clerk McCormick asserts that she has a ministerial duty to apply the law as written unless and until it is overturned by a valid, final Court Order or amended by the West Virginia Legislature.

47.     County Clerk McCormick denies the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint and demand strict proof thereof.

48.     County Clerk McCormick denies that Plaintiffs are entitled to the relief requested against her.

49.     County Clerk McCormick denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim upon which relief may be granted.  Therefore, Plaintiffs' Complaint must be dismissed.

2.      Plaintiffs have failed to join indispensable parties.  More specifically, Plaintiffs have failed to join all County Clerks to this matter.  By joining only one County, a County in which the Plaintiffs do not have standing to sue, Plaintiffs' cannot recover the relief requested. As a result, Plaintiffs have failed to join an indispensable party.

3.      Plaintiffs lack standing.

4.      Plaintiffs' claims are unripe.

5.      The County Clerk asserts any and all immunities available to her including, but not limited to constitutional immunity, sovereign immunity, statutory immunity, qualified immunity and any other common law immunity.

6.      Plaintiffs are not entitled to attorneys' fees and /or costs under 42 U.S.C. § 1988.

7.      To the extent Plaintiffs are seeking attorneys' fees and/or costs from the County Clerk, county or local official may be properly considered an agent of the state where that official is sued for enforcing a state law, rather than a discretionary rule or local policy. *See Brotherton v. Cleveland*, 173 F.3d 552, 566 (6th Cir. 1999) ("Where county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the State."); *Bethesda Lutheran Homes and Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998) (explaining that where a municipality is forced to follow an unconstitutional state law, it is the state law and not the municipality that isresponsible for the plaintiff's injury); *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) ("[W]hen a state statute directs the actions of an official, as

here, the officer, be the state or local, is acting as a state official.").  Therefore, any fees sought

against the County are improper.

        8.     The County Clerk reserves the right to assert any additional and further defenses

as may be revealed by discovery or otherwise.

**VERA MCCORMICK,**
**By Counsel,**

 **/s/ Michael W. Taylor**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
mtaylor@baileywyant.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

DAKOTA     NELSON;     BELINDA
BIAFORE,    individually    and    as
Chairperson   of   the   West   Virginia
Democratic Party; ELAINE A. HARRIS,
individually and as Chairperson of the
Kanawha County Democratic Executive
Committee;        WEST        VIRGINIA
DEMOCRATIC PARTY; and WEST
VIRGINIA    HOUSE    LEGISLATIVE
COMMITTEE,

    Plaintiffs,


v.                                                                    Civil Action No. 3:19-cv-0898
                                                                      Honorable Robert C. Chambers
MAC WARNER in his official capacity as
West Virginia Secretary of State; and
VERA   MCCORMICK,   in   her   official
capacity   as   Clerk   of   Kanawha   County
West Virginia,

    Defendants.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing **"ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF VERA MCCORMICK"** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, March 26, 2020:

Anthony J. Majestro, Esq.
Powell & Majestro PLLC
405 Capitol St Ste 1200
Charleston, WV  25301
Attorney For: Plaintiffs


Curtis R. Capehart, Esq.
West Virginia Attorney General's Office
Building 1, Room 26e
1900 Kanawha Boulevard, East

Charleston, WV  25305
Attorney For: Mac Warner, West Virginia Secretary of State

John M. Masslon, II, Esq.
Assistant Solicitor General
Office of the West Virginia Attorney General
1900 Kanawha Blvd., East
Building 1, Room E-26
Charleston, WV 25305
Attorney For: Mac Warner, West Virginia Secretary of State

  **/s/ Michael W. Taylor**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
mtaylor@baileywyant.com