IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
at HUNTINGTON

DAKOTA NELSON;
BELINDA BIAFORE, individually and
as Chairperson of the West Virginia
Democratic Party; ELAINE A. HARRIS,
individually and as Chairperson of the
Kanawha County Democratic Executive
Committee; WEST VIRGINIA
DEMOCRATIC PARTY; and
WEST VIRGINIADEMOCRATIC HOUSE
LEGISLATIVE COMMITTEE,

    Plaintiffs,

v.                                                    Civil Action No. 3:19-cv-00898

MAC WARNER in his official capacity as
WEST VIRGINIA SECRETARY OF STATE and
VERA MCCORMICK, in her official capacity as
CLERK OF KANAWHA COUNTY,
WEST VIRGINIA,

    Defendants.

## SCHEDULING ORDER

Pursuant to the parties' response to the Court's inquiry regarding the scheduling of trial, the Court **ORDERS** as follows:

1. <u>Expert Reports</u>:  Plaintiffs reserve to supplement their expert report pursuant to Rule 26(e)(2) and/or file a rebuttal expert opinions pursuant Rule 26(a)(2)(D)(ii) responding to the opinions of Defendant Mac Warner's expert first disclosed on May 18, 2020, after the deadline for serving Plaintiffs' expert report.  Defendant Mac Warner reserves the right to object to the filing of any supplemental/rebuttal expert report.  Such objection, however, cannot be based on the close of general discovery.  The objection can, however, be based on the time for disclosure of expert reports having lapsed or the report not being covered by Rule 26(a)(2)(D)(ii).  If Defendant Mac Warner's objection is overruled, he reserves the right to file a supplemental or rebuttal expert

report in response to any supplemental or rebuttal expert report produced by Plaintiffs. Defendant Vera McCormick does not object to the filing supplemental or rebuttal expert reports pursuant to the aforementioned rules.

    2. <u>Dispositive Motions</u>:  All dispositive motions, except those filed under Fed. R. Civ. P. 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **June 10, 2020**.  Any response shall be filed by **June 24, 2020**, with replies due by 8:00 EDT on **June 29, 2020**.  If not filed electronically, a copy of any motion, supporting memorandum, response, and reply, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion, supporting memorandum, response or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

    3. <u>Proposed Integrated Pretrial Order</u>: Counsel for the plaintiffs shall prepare their portion of the pretrial order and submit it to counsel for the defendants no later than **June 12, 2020**. Counsel for the defendants shall prepare and file a proposed integrated pretrial order no later than **June 22, 2020**.  The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in L.R. 16.7(b), including any objections to Fed. R. Civ. P.26 (a)(3) disclosures.

    4. <u>Pretrial Conference</u>: A final pretrial conference shall be held on **June 29, 2020**, at **9:30 a.m.** in Huntington. Lead counsel and any unrepresented parties shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case shall be present in person.  Following the pretrial conference, the Court shall enter a final pretrial order, which shall only be modified to prevent manifest injustice.

    5. <u>Proposed Findings of Fact and Conclusions of Law</u>: No later than **July 9, 2020**, counsel and any unrepresented parties shall submit to the presiding judge proposed findings of fact and conclusions of law on substantive theories of recovery or defense and damages. The documents shall be e-mailed to chambers, in Word compatible format, to an address which can be obtained

from chambers. The proposed findings and conclusions shall be exchanged by counsel and any unrepresented parties before their submission to the judge. The proposed findings and conclusions shall not be filed with the Clerk nor made a part of the record unless ordered by the judicial officer. The submissions shall include the parties' respective witness list.

6. <u>Final Settlement Conference</u>: A final settlement conference, attended by lead trial counsel and any unrepresented parties, shall be held on **July 13, 2020**, at **9:30 a.m**. in Huntington. Individuals with full authority to settle the case shall be present in person.

7. <u>Trial to the Court</u>: Trial of this action shall commence on **July 27, 2020**, at **9:00 a.m.** in Huntington.

8. <u>Failure to Appear or Negotiate</u>: At least one attorney for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations, and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and unrepresented parties are subject to sanctions for failures and lack of preparation.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 28, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE