IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAKOTA NELSON;
BELINDA BIAFORE, individually and as
Chairperson of the West Virginia Democratic Party;
ELAINE A. HARRIS, individually and as
Chairperson of the Kanawha County Democratic Executive Committee;
WEST VIRGINIA DEMOCRATIC PARTY; and
WEST VIRGINIA HOUSE LEGISLATIVE COMMITTEE,

                Plaintiffs,

v.                                                          CIVIL ACTION NO. 3:19-0898

MAC WARNER in his official capacity as
West Virginia Secretary of State; and
VERA MCCORMICK, in her official capacity as
Clerk of Kanawha County West Virginia,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This suit challenges the constitutionality of a West Virginia law mandating that ballots for partisan offices list first the party whose candidate for president received the most votes in the last election. The plaintiffs now move to certify a defendant class of all county ballot commissioners in West Virginia to ensure statewide declaratory and injunctive relief against the challenged law. For the reasons below, the Court **GRANTS** the plaintiffs' motion, ECF No. 51, and **CERTIFIES** the proposed defendant class.

**I. BACKGROUND**

West Virginia's "Ballot Order Statute" mandates:

> The party whose candidate for president received the highest number of votes at the
> last preceding presidential election is to be placed in the left, or first column, row

>or page, as is appropriate to the voting system. The party which received the second highest vote is to be next and so on. Any groups or third parties which did not have a candidate for president on the ballot in the previous presidential election are to be placed in the sequence in which the final certificates of nomination by petition were filed.

W. Va. Code § 3-6-2(c)(3). Election officials have interpreted "highest number of votes" to refer to votes in West Virginia, not nationwide. ECF No. 7 ¶ 2 n.1. Thus, ballots for the upcoming 2020 general election will list Republican Party candidates first because a majority of West Virginians voted for Donald Trump in 2016. The plaintiffs, all of whom are affiliated with the Democratic Party, allege a growing body of social science and case law confirms that candidates listed first on a ballot benefit from a bias known as the "primacy effect." ECF No. 7 ¶ 3. The plaintiffs therefore argue the Ballot Order Statute is unconstitutional because it arbitrarily gives candidates from one party an advantage over candidates from other parties. *Id.* ¶¶ 1–2. Count One alleges the Ballot Order Statute is an undue burden on the right to vote in violation of the First and Fourteenth Amendments. *Id.* ¶¶ 36–42. And Count Two alleges the Statute constitutes disparate treatment in violation of the Fourteenth Amendment's Equal Protection Clause. *Id.* ¶¶ 43–47. The plaintiffs seek a declaratory judgment that the Statute is unconstitutional and injunctive relief prohibiting the defendants from enforcing it. *Id.* at 17.

The plaintiffs now move to certify a defendant class of all West Virginia county ballot commissioners with defendant Vera McCormick as the class representative. *Id.* ¶ 24; ECF No. 51. Each county in West Virginia has a board of ballot commissioners consisting of three members. W. Va. Code § 3-1-19(a). The first member is the current clerk of that county's commission. *Id.* The county executive committee of the political party that cast the most votes statewide in the last general election appoints the second member. *Id.* And, the county executive committee of the political party that cast the second most votes statewide in the last general election appoints the

third member. *Id.* Ballot commissioners have many election-related duties, including the provision of ballots in certain elections. *See* W. Va. Code §§ 3-1-19–21. With 55 counties, West Virginia has a total of 165 ballot commissioners. Defendants McCormick and Secretary of State Mac Warner oppose class certification, and the parties argued the motion at a pre-trial conference on June 29, 2020. ECF Nos. 60, 61, 72.

## II. LEGAL STANDARD

Defendant class actions, like plaintiff class actions, must comply with Federal Rule of Civil Procedure 23. *Bell v. Brockett*, 922 F.3d 502, 510 (4th Cir. 2019). Class certification is a two-step process under Rule 23. First, the Court must find:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, the proposed class must satisfy at least one of the three requirements listed in Rule 23(b). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). At issue here are Rule 23(b)(1)(A) and Rule 23(b)(2). Rule 23(b)(1)(A) provides that class certification is appropriate if "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Rule 23(b)(2) allows certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

The party seeking certification has the burden of proving these requirements, and the Court has considerable discretion in deciding whether to certify the class. *Monroe v. City of*

*Charlottesville, Va.*, 579 F.3d 380, 384 (4th Cir. 2009) (citation omitted). The Fourth Circuit has instructed district courts to give Rule 23 "a liberal rather than a restrictive construction" with the goal in each case to "best serve the ends of justice for the affected parties and . . . promote judicial efficiency." *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003) (citation omitted). Nonetheless, "actual, not presumed, conformance" with Rule 23 is "indispensable," and the Court must undertake a "rigorous analysis" to ensure the proposed class meets the Rule's requirements. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160–61 (1982).

### III. DISCUSSION

**A. The proposed class meets the requirements of Rule 23(a).**

*1. Numerosity*

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Deciding numerosity is discretionary; there is no "mechanical test" or minimum class member requirement. *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984). Yet, courts generally find numerosity exists when a class has 40 or more members. 1 *Newberg on Class Actions* § 3:12 (5th ed.) (collecting cases); *e.g., Holsey*, 743 F.2d at 217 (affirming proposed class of 46 to 60 people satisfied numerosity); *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (affirming certification of 74-person class); *Droste v. Vert Capital Corp.*, 165 Lab. Cas. (CCH) P 10762, 2015 WL 1526432, *5 (E.D. Va. 2015) (holding subclasses of 51 and 67 members satisfied numerosity); *Dashiell v. Van Ru Credit Corp.*, 283 F.R.D. 319, 321 (E.D. Va. 2012) (holding class of 65 satisfied numerosity). The proposed class here of 165 members thus creates a strong presumption of satisfying numerosity, and identifying and serving the appointed ballot commissioners would be impracticable considering they are not elected officials with offices and are scattered across the state.

Instead of challenging the impracticability of joining another 164 parties, the defendants argue the proper defendant class is West Virginia's other 54 county clerks or boards of ballot commissioners, and their joinder is not so impracticable as to warrant class certification. ECF No. 60, at 2–5; ECF No. 65, at 3–6. McCormick specifically argues that an official-capacity suit against each ballot commissioner is unnecessary because an official-capacity suit is a suit against the government entity itself. ECF No. 60, at 3; *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). But McCormick only bases her argument on concerns about redundancy. She gives no legal reason why the plaintiffs cannot bring multiple officials from the same government entity into a class. The Court agrees with the plaintiffs that joining all ballot commissioners is prudent here because state law requires each commissioner to enforce the Ballot Order Statute. Certifying the proposed class is an effective means for ensuring statewide relief if the Court finds the Statute is unconstitutional. The Court therefore finds the plaintiffs' motion is properly directed at all 165 ballot commissioners and finds this proposed class easily satisfies numerosity.

2. *Commonality*

Rule 23(a)(2) requires "questions of law or fact common to the class." Commonality requires that the claims asserted depend on a "common contention" that is "capable of classwide resolution," meaning that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. Here, every ballot commissioner would face the same exact legal questions: (1) is the Ballot Order Statute an undue burden on the right to vote in violation of the First and Fourteenth Amendments; and (2) does the Statute constitute disparate treatment in violation of the Fourteenth Amendment's Equal Protection Clause? ECF No. 7 ¶¶ 36–47. These questions form the basis for

each proposed class member's liability, and deciding these common issues will result in a classwide resolution. *See also W. Virginians For Life, Inc. v. Smith*, No. 33 Civ. 1:96-0068 (S.D.W. Va. Aug. 7, 1996) (certifying defendant class of prosecuting attorneys in constitutional challenge to state election laws). The commonality requirement is therefore met.

### 3. Typicality

Rule 23(a)(3) requires that the class representative have claims or defenses that are "typical of the claims or defenses of the class." As with commonality, the threshold requirement for typicality is "not high." *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009) (citation omitted). In this case, no class member would be situated differently from McCormick, the proposed representative, because every ballot commissioner would be a defendant based solely on his or her statutory obligation to implement the challenged Ballot Order Statute. The same constitutional claims apply to each proposed class member, and the legal defenses available to them are identical. *See Appalachian Power Co. v. Sadler*, No. 23 Civ. 1:00-1159, slip op. at 2 (S.D.W. Va. Sept. 27, 2001) (finding typicality because "the defenses raised by [the proposed defendant class of] all prosecuting attorneys would be identical"). Typicality therefore exists among the proposed class.

### 4. Adequacy of Representation

Finally, Rule 23(a)(4) permits class certification only if "the representative parties will fairly and adequately protect the interests of the class." Two basic guidelines frame the Court's review of this requirement: (1) the absence of conflict between the representative and class members; and (2) the assurance that the representative will vigorously prosecute the matter on behalf of the class. *Stay the Course W. Va. v. Tennant*, No. 1:12-CV-01658, 2013 WL 209479, at *3 (S.D.W. Va. Jan. 17, 2013) (citations omitted). The vigorous prosecution prong considers the

abilities of both the class representative and her attorneys. *Black v. Rhone-Poulenc, Inc.*, 173 F.R.D. 156, 162 (S.D.W. Va. 1996) (citation omitted).

McCormick argues a conflict exists because partisan ballot commissioners have conflicting interests given this case's political ramifications. ECF No. 60, at 5–6. This argument, however, is only speculative, and a conflict "must be more than merely speculative or hypothetical" to defeat the adequacy requirement. *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003) (citation omitted). More fundamentally, "there is always the possibility that some members of the class will take a position different from that of those who have assumed the laboring oar in a litigation. But such differences of opinion do not preclude a class action." *Ruggles v. WellPoint, Inc.*, 272 F.R.D. 320, 338 (N.D.N.Y. 2011) (citation omitted). "Only conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement." 1 *Newberg on Class Actions* § 3:58 (5th ed.). The possibility that some ballot commissioners may sympathize with the plaintiffs' position does not preclude class certification because all ballot commissioners are bound by the same legal duty to prepare ballots. W. Va. Code § 3-1-21. This duty is nonpartisan and nondiscretionary, and ballot commissioners have a presumed interest in defending the constitutionality of their legal duties. *See Appalachian Power Co.*, No. 23 Civ. 1:00-1159, slip op. at 2 (finding adequacy of representation because the representative "has the same interest in defending the constitutionality of West Virginia's election laws as do the other prosecuting attorneys").

Warner also argues a conflict exists because some of the plaintiffs' claims do not implicate McCormick. ECF No. 61, at 6–7. For example, plaintiff Dakota Nelson's run for office concerns Cabell and Lincoln counties, but not Kanawha county where McCormick is clerk. ECF No. 58-3, at 14. However, courts may certify a defendant class in a case where each plaintiff does not have

a claim against each member of the defendant class if the class members share a "juridical link." 2 *Newberg on Class Actions* § 5:17 (5th ed.). The "paradigmatic application of the juridical link doctrine is to certify a defendant class of government officials acting in accordance with an allegedly unconstitutional law." *Id.*; *e.g., Payton v. County of Kane*, 308 F.3d 673, 681–82 (7th Cir. 2002) ("If the defendants with whom the named representative did not interact directly are following a common statute . . . we see nothing in . . . Rule 23 that automatically precludes use of the class action device."); *Monaco v. Stone*, 187 F.R.D. 50, 65–66 (E.D. N.Y. 1999) (certifying defendant class of criminal court judges because they shared the juridical link of enforcing a challenged state law); *Luyando v. Bowen*, 124 F.R.D. 52, 58–59 (S.D.N.Y. 1989) (certifying defendant class of local commissioners bound to enforce challenged state regulations). A juridical link exists here because all members of the defendant class are ballot commissioners bound to enforce the Ballot Order Statute. The Court can therefore certify the defendant class with McCormick as an adequate representative.

As for the second prong of vigorous prosecution, McCormick and her counsel have already demonstrated their ability to prosecute this matter on behalf of the proposed class. McCormick's counsel, Bailey & Wyant, PLLC, is an accomplished firm with experience in representing political subdivisions in civil rights litigation. *See Hewlett v. Premier Salons Int'l, Inc.*, 185 F.R.D. 211, 218 (D. Md. 1997) ("In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class."). They have defended against this action throughout discovery, by moving to dismiss under Federal Rule of Civil Procedure 12(b)(6), and by opposing the current motion for class certification. *See* ECF Nos. 14, 60; *cf. Stay the Course W. Va. v. Tennant*, No. 1:12-CV-01658, 2013 WL 209479, at *3–4 (S.D.W. Va. Jan. 17, 2013) (holding adequacy of representation not satisfied because

proposed representative refused to contest the suit). The adequacy of representation requirement is therefore satisfied.

At the parties' pre-trial conference, the defendants also raised due process concerns about bringing in class members whom the Court may ultimately order to pay attorney's fees. It is true that due process risks "are magnified" in defendant class actions because "an unnamed class member can be brought into a case, required to engage in discovery and even be subjected to a judgment compelling the payment of money or other relief without ever being individually served with a lawsuit." *Bell*, 922 F.3d at 511 (citation omitted). These risks, however, are minimized here because the plaintiffs only seek declaratory and injunctive relief, not a money judgment. Potential liability for attorney's fees alone is not sufficient to stop the certification of a defendant class, especially in a paradigmatic defendant class action like this challenging the constitutionality of a state law. The Fourth Circuit has explained that Rule 23's adequacy requirements are "critical safeguards" against due process risks, and the Court has shown McCormick is a fully adequate representative. *Id.* The issue of attorney's fees, therefore, does not defeat certification here.

**B. The proposed class meets the requirements of Rule 23(b)(1) and (b)(2).**

For certification, the proposed class must also satisfy at least one of the three requirements listed in Rule 23(b). *Wal-Mart Stores, Inc.*, 564 U.S. at 345. Rule 23(b)(1)(A) provides that courts may certify a class if "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." A risk of inconsistent or varying adjudications exists here unless the Court certifies the proposed class. The plaintiffs allege the Ballot Order Statute is unconstitutional and seek to enjoin its implementation. Unless all ballot commissioners are parties to this case, ballot commissioners throughout the state,

who may not even be aware of this case, could continue implementing the Statute, particularly in the upcoming November general election. A possibility also exists that other individuals or groups could bring similar actions against other ballot commissioners contesting the constitutionality of the Statute. Either of these scenarios could result in inconsistent decisions on the Statute's constitutionality, resulting in incompatible standards of conduct for the proposed class members. Unless all ballot commissioners are bound by this Court's decision, the Ballot Order Statute may be inconsistently applied throughout the state. *See also Appalachian Power Co.*, No. 23 Civ. 1:00-1159, slip op. at 4–5 (holding Rule 23(b)(1)(A) was satisfied because not certifying the defendant class of prosecuting attorneys could result in the inconsistent application of the challenged election law); *W. Virginians For Life, Inc.*, No. 33 Civ. 1:96-0068, slip op. at 3–4 (holding Rule 23(b)(1)(A) was satisfied because not certifying the defendant class of prosecuting attorneys could result in the inconsistent enforcement of the challenged laws).

Certification is also appropriate under Rule 23(b)(2) which allows certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." McCormick has acted on grounds generally applicable to the class because, like other ballot commissioners, she continues to apply the Statute, and she defends its constitutionality. *See* ECF No. 15. The appropriate remedy is also injunctive and declaratory relief with respect to the defendant class as a whole. County-level officials apply the Ballot Order Statute, but the plaintiffs seek to prevent its application statewide, not just in Kanawha County. Because state law requires all potential defendants to enforce the Statute, certification of the defendant class is proper. *See Akron Ctr. for Reprod. Health v. Rosen*, 110 F.R.D. 576, 582–83

(N.D. Ohio 1986) (certifying defendant class of city prosecutors under Rule 23(b)(2) because local officials enforced the state statute at issue).

### C. The motion for class certification is timely.

Lastly, Warner argues the Court should deny class certification because the plaintiffs' motion is too late and too prejudicial. ECF No. 61, at 11–12. The Court disagrees. The parties did not request a deadline for moving for class certification, so the Court did not set one. The plaintiffs filed their motion promptly after discovery and before the dispositive motion deadline, which is common for class actions. *See* ECF Nos. 33, 48. The defendants cannot claim surprise because the class claim was pled in the Amended Complaint, discussed in the plaintiffs' response to McCormick's motion to dismiss, and noted in the Court's order denying that motion. ECF No. 7 ¶ 24; ECF No. 22, at 17–18; ECF No. 28, at 10 n.1. While the expedited schedule of this case compresses the time between class certification and trial, this certification order still comes "[a]t an early practicable time" under Rule 23(c)(1)(A).

### IV. CONCLUSION

For these reasons, the Court **GRANTS** the plaintiffs' motion, ECF No. 51, and **CERTIFIES** the defendant class of all county ballot commissioners for the state of West Virginia. The Court **APPOINTS** defendant McCormick as the class representative and her counsel, Bailey & Wyant, PLLC, as class counsel. The Court further **ORDERS** counsel for the plaintiffs, McCormick, and Warner to meet and confer and agree upon a class notice to be mailed to each class member within **seven days** of this Order. The class notice must advise each class member of this suit, that the Court declared class action status, and that the class includes all county ballot commissioners for the state of West Virginia.

The Court **DIRECTS** the Clerk to send a copy of the Memorandum Opinion and Order to all counsel of record.

ENTER: June 30, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE