**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

DAKOTA NELSON;
BELINDA BIAFORE, individually and as
Chairperson of the West Virginia Democratic Party;
ELAINE A. HARRIS, individually and as
Chairperson of the Kanawha County Democratic Executive Committee;
WEST VIRGINIA DEMOCRATIC PARTY; and
WEST VIRGINIA HOUSE LEGISLATIVE COMMITTEE,

Plaintiffs,

v. CIVIL ACTION NO. 3:19-0898

MAC WARNER in his official capacity as
West Virginia Secretary of State; and
VERA MCCORMICK, in her official capacity as
Clerk of Kanawha County, West Virginia, and all
ballot commissioners for the state of West Virginia,

Defendants.

**MEMORANDUM OPINION AND ORDER**

In this suit challenging the constitutionality of a West Virginia election law, defendant Secretary of State Mac Warner moves to exclude an expert report filed by the plaintiffs. ECF No. 62. Because the report is a timely rebuttal under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), the Court **DENIES** his motion.

## I. BACKGROUND

West Virginia's Ballot Order Statute mandates that ballots for partisan offices list first the party whose presidential candidate received the most votes in the last election. W. Va. Code § 3-6-2(c)(3). The plaintiffs allege a growing body of social science and case law confirms that

candidates listed first on a ballot benefit from a bias known as the "primacy effect." ECF No. 7 ¶ 3. The plaintiffs therefore argue the Ballot Order Statute is unconstitutional because it gives certain candidates an advantage over others based solely on partisan affiliation. *Id.* ¶¶ 1–2. The plaintiffs ask the Court to declare the Statute unconstitutional, enjoin the defendants from enforcing it, and require the defendants to use a ballot ordering system that gives similarly situated major-party candidates an equal opportunity for the ballot to list them first. *Id.* at 17.

The parties' Rule 26(a)(2) disclosures were due on April 15, 2020. ECF No. 33, at 1–2. The plaintiffs disclosed Dr. Jon A. Krosnick's first expert report shortly after that deadline on April 16. ECF Nos. 34, 62-1. The plaintiffs then disclosed a revised report on April 20 that corrected some of the data and opinions in the first report. ECF Nos. 62-2, 63, at 6–7. This second report excludes gubernatorial elections as an outlier and concludes that West Virginia candidates gained a 2.43 percent advantage on average by being listed first on the ballot for races other than governor. ECF No. 62-2, at 38, 41. The defendants deposed Krosnick on May 6. ECF No. 58-4. During that deposition, Krosnick explained that he continued to analyze data related to gubernatorial elections after submitting his revised report. *Id.* at 174; ECF No. 62-2, at 69. On May 18, the Secretary of State provided Dr. Jason A. MacDonald's expert report. ECF No. 62-3. MacDonald's report criticizes Krosnick's methodology, including his exclusion of gubernatorial elections, and concludes that the primacy effect is less significant than Krosnick reported. *Id.* MacDonald was then deposed on May 21. ECF No. 62-4. Eight days later, on May 29, the plaintiffs served a third expert report from Krosnick that responds to many of MacDonald's criticisms and includes a new statistical analysis showing a significant primacy effect still exists when gubernatorial elections are included. ECF Nos. 49, 62-5. The Secretary of State now moves to exclude this third report,

arguing the report is not a proper rebuttal under Rule 26(a)(2)(D)(ii) or a timely supplement under Rule 26(e)(2). ECF Nos. 62, 63.

## II. LEGAL STANDARD

Under Rule 26(a)(2)(D)(ii), a party may submit additional expert testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." If the court has not set an alternative deadline, Rule 26(a)(2)(D)(ii) requires the party to disclose this rebuttal testimony "within 30 days after the other party's disclosure." Rebuttal evidence is "[e]vidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party." *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) (citation omitted). A party "may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Wise v. C. R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D.W. Va. Feb. 3, 2015) (citation omitted). Thus, rebuttal experts "cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *E. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 2:14-CV-2567-RMG, 2015 WL 12831677, at *1 (D.S.C. July 9, 2015) (citation omitted). However, rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Id.* (citation omitted).

## III. DISCUSSION

The Secretary of State does not challenge the many portions of Krosnick's third report that directly respond to MacDonald's criticisms or identify flaws in MacDonald's methodology. For example, on pages two and three, Krosnick criticizes MacDonald's biased approach in conducting "robustness checks" of Krosnick's analyses. ECF No. 62-5. On page fifteen, Krosnick responds to

MacDonald's criticism of his approach to clustering standard errors. *Id.* And on page sixteen, he responds to MacDonald's criticisms regarding the inclusion of party popularity as a variable. *Id.* The Secretary does not dispute these portions of Krosnick's third report constitute proper rebuttal. ECF No. 63, at 9.

Instead, the Secretary narrowly argues that the Court should exclude Krosnick's third report because the report contains a new statistical analysis related to gubernatorial elections. *Id*. In this analysis, Krosnick combined data from gubernatorial races with all other races. ECF No. 62-5, at 4. He used the variables from his previous analyses but included two new control variables: candidates' sex and whether a non-incumbent gubernatorial candidate had previously been governor. *Id.* According to Krosnick, this analysis shows a statistically significant primacy effect exists even when gubernatorial races are combined with other races. *Id.* at 6. The Secretary argues this analysis adds support to the plaintiffs' case in chief and Krosnick should have included it in his first report. ECF No. 63, at 9. What the Secretary misses, however, is that Krosnick provides this "new evidence and data . . . to directly contradict or rebut the opposing party's expert." *E. Bridge Lofts Prop. Owners Ass'n, Inc.*, 2015 WL 12831677, at *1 (citation omitted).

The case *E.E.O.C. v. Tepro, Inc.* is a helpful illustration of this point. 133 F. Supp. 3d 1034 (E.D. Tenn. 2015). There, the Equal Employment Opportunity Commission filed an age discrimination suit alleging the defendant employer reclassified protected employees and ultimately laid them off. *Id.* at 1039. The EEOC's expert, Dr. Richard Tonowski, submitted a report using statistical analyses to show age-related disparities in the company's actions. *Id.* at 1042–43. The defendant's expert, Dr. David Griffin, submitted a report criticizing Tonowski's methods and opining that a more accurate analysis showed no significant age-related disparities. *Id.* at 1046–47. Tonowski then submitted a rebuttal report with new statistical analyses that incorporated

Griffin's criticisms and showed age was still a statistically significant factor. *Id.* at 1049. The court concluded Tonowski's report was a proper rebuttal because his new analyses rebutted Griffin's arguments and reaffirmed Tonowski's original conclusions regarding the statistical significance of age. *Id.* at 1049–50.

The Court faces an almost identical situation here. MacDonald spent seven pages of his report criticizing Krosnick's decision to exclude gubernatorial elections from his analysis. ECF No. 62-3, at 14–20. MacDonald argues this exclusion inflates Krosnick's calculation of the average primacy effect, and MacDonald determines that the primacy effect is just over one percent when all races are included. *Id.* at 17. Krosnick's third report, including his new statistical analysis, directly rebuts MacDonald's argument that the inclusion of gubernatorial races significantly reduces the observed primacy effect. ECF No. 62-5, at 6. Through this rebuttal, Krosnick reaffirms his original conclusion that a statistically significant primacy effect exists in West Virginia. *Id.* The Secretary claims Krosnick's third report cannot be a rebuttal because Krosnick admitted in his deposition that he began working on his new statistical analysis weeks before the disclosure of MacDonald's report. ECF No. 74, at 10. However, when Krosnick began working on his new analysis of gubernatorial races is irrelevant under the legal standard. What matters is whether the analysis as presented in Krosnick's third report contradicts or rebuts MacDonald's opinions. Krosnick's analysis is not unresponsive to MacDonald's criticisms just because Krosnick anticipated these criticisms before MacDonald voiced them. Indeed, Krosnick's ability to anticipate MacDonald's criticisms evidences Krosnick's proficiency in the methodologies he uses.

## III. CONCLUSION

The Court therefore finds Krosnick's third report is a proper rebuttal. And because the plaintiffs disclosed it within thirty days of MacDonald's report, it is timely and admissible under

Rule 26(a)(2)(D)(ii).[1] Accordingly, the Court **DENIES** the Secretary's Motion to Exclude, ECF No. 62, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: July 17, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

[1] In addition to debating whether Krosnick's third report qualifies as a rebuttal under Rule 26(a)(2)(D)(ii), the parties dispute whether the report is admissible under Rule 37(c) by being "substantially justified" or "harmless." ECF Nos. 70, 74. The Secretary's counsel harshly criticizes the plaintiffs' counsel at length for actions that, even if true, are tangential or completely unrelated to the disclosure of the third report. *See* ECF No. 74. While the Court need not reach the parties' Rule 37(c) arguments, it finds no merit to the Secretary's claim of prejudice. After receiving the third report on May 29, the Secretary abandoned his pending motion to compel plaintiffs to respond to his expansive discovery requests as to Krosnick and then took no action until filing this motion to exclude on June 19. *See* ECF No. 67. The Secretary cannot claim prejudice now based on circumstances resulting from his own inaction.