IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| DAKOTA NELSON; BELINDA BIAFORE, individually and as Chairperson of the West Virginia Democratic Party; ELAINE A. HARRIS, individually and as Chairperson of the Kanawha County Democratic Executive Committee; WEST VIRGINIA DEMOCRATIC PARTY; and WEST VIRGINIA HOUSE LEGISLATIVE COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>MAC WARNER in his official capacity as West Virginia Secretary of State; and VERA MCCORMICK, in her official capacity as Clerk of Kanawha County, West Virginia,<br><br>Defendants. | Civil Action No: 3:19-cv-0898<br><br>Hon. Robert C. Chambers |

**BRIEF AMICI CURIAE OF THE AMERICAN CIVIL LIBERTIES UNION OF WEST VIRGINIA FOUNDATION, THE LIBERTARIAN PARTY OF WEST VIRGINIA, AND THE MOUNTAIN PARTY IN SUPPORT OF PLAINTIFFS' MOTION FOR THE COURT TO ENTER AN UNSTAYED FINAL JUDGMENT**

Loree Stark
ACLU of West Virginia Foundation
West Virginia Bar No. 12936
P.O. Box 3952
Charleston, WV 25339-3952
(p): 914-393-4614
lstark@acluwv.org

# TABLE OF CONTENTS

I.   Interest of Amici Curiae and Required Disclosures ................................................................1
    A.  The American Civil Liberties Union of West Virginia......................................................1
    B.  The Libertarian Party of West Virginia..............................................................................1
    C.  The Mountain Party ...........................................................................................................1
II.  Entering a Stay in this Case Will Substantially Injure Candidates, Political Parties, and Voters and Will Not Serve the Public Interest ......................................................................................2
III. Conclusion .............................................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Celebrezze*, 460 U.S. 780 (1983)) ..............................................................................2
*Burdick v. Takushi*, 504 U.S. 428 (1992) ......................................................................................2
*Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250 (N.D. Fla. 2016) ......................................3
*Hilton v. Braunskill*, 481 U.S. 770 (1987)....................................................................................2

**Other Authorities**

*Duties of the Office of Secretary of State*, Secretary of State Mac Warner,
https://sos.wv.gov/about/Pages/Duties-of-WVSOS.aspx..............................................................4
Jocelyn King, *Candidate: Corruption in W. Va. Is Chasing Away Jobs*, Weirton Daily Times (Sept. 1, 2016), *available at* https://www.weirtondailytimes.com/news/local-news/2016/09/candidate-corruption-in-w-va-is-chasing-away-jobs ................................................................................................................4

I.  **Interest of Amici Curiae and Required Disclosures**

    A.  **The American Civil Liberties Union of West Virginia**

The ACLU-WV is a nonprofit, nonpartisan organization dedicated to the principles of liberty and equality embodied in the United States Constitution, the West Virginia Constitution, and our state's and nation's civil rights laws. The ACLU-WV has long been dedicated to protecting access to democracy, including the protection of voting rights, fighting voter suppression, and advocating for increased government transparency. The ACLU-WV is requesting permission to file this brief in accordance with Federal Rule of Civil Procedure 29(a).[1]

    B.  **The Libertarian Party of West Virginia**

The Libertarian Party of West Virginia is a ballot-qualified political party in West Virginia and a state-level affiliation of the national Libertarian Party. The party's platform focuses on individual rights and freedoms. More than 7,000 West Virginians are registered as libertarians.

    C.  **The Mountain Party**

The Mountain Party is a ballot-qualified political party in West Virginia and a state-level affiliate of the Green Party of the United States. The Mountain Party's platform emphasizes the importance of sound democratic processes, economic processes, corporate accountability, and improved infrastructure and environmental health. More than 2,200 West Virginians are registered as Mountain Party voters.

---

[1] This brief was authored by in-house legal counsel for the ACLU-WV on behalf of ACLU-WV, the Libertarian Party of West Virginia, and the Mountain Party. No party, party's counsel or other person authored any parts of the brief or contributed money intended to fund the preparation or submission of this brief.

## II. Entering a Stay in this Case Will Substantially Injure Candidates, Political Parties, and Voters and Will Not Serve the Public Interest

A party seeking a stay must prove that the stay is justified based on: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This brief will focus on the significant substantial injury a stay will impose on interested parties and how the public's interest will be served only in the absence of the enforcement of the unconstitutional statute at issue in this case.

The ramifications of ordering a stay in this case, and thus allowing the state to move forward in enforcing an unconstitutional statute that puts a thumb on the scale in the interest of one political party, cannot be overstated. Given the well-documented negative outcomes of the "primacy effect," a stay in this case will substantially injure not only the Plaintiffs, but will similarly harm voters as well as candidates and parties, including amici the Mountain Party and the Libertarian Party of West Virginia, represented on the 2020 general election ballots.

The Supreme Court has noted that "[e]ach provision of a[n election] code, 'whether it governs the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects—at least to some degree—the individual's right to vote and his right to associate with others for political ends.'" *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983)). As one federal district court has stated in the context of electing to grant or deny temporary relief to a party in a case involving a statute, the enforcement of which would violate the constitutional rights of voters

"[this] isn't golf; there are no mulligans." *Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250, 1258 (N.D. Fla. 2016).[2]

Any remedy granted to the candidates and political parties on the 2020 ballot after the election in November will not provide adequate redress for parties affected by the consequences of the enforcement of an unconstitutional statute. That an unconstitutional statute has been on the books for 30 years does not make it any less unconstitutional when enforced in the November 2020 election. As this Court found last week in its bench ruling: "[T]he ballot order statute, because of the primacy effect, results in a significant impairment of candidates' prospects, and that impairment is not justified by the limited State interests as [the Court has] examined them." *See Reporter's Transcript of Proceedings*, *Nelson v. Warner*, Case No. 3:19-cv-0898 (S.D.W. Va. July 30, 2020), at page 16, lines 16-20.

As of the date of this filing, approximately 90 days remain until the general election. While the implementation of a new, constitutional process may require of the state an investment of additional time and resources in order to prepare for the August 25 ballot drawing date, the change is feasible. *Id.* at pages 17-18. Simply put, to enter a stay in this case will prioritize an interest in administrative convenience to the State at the expense of a constitutionally sound election.

As the state's chief election officer,[3] it is incumbent on the Secretary of State to ensure that the voting process in West Virginia is transparent, free and fair. As Secretary Warner has

---

[2] In *Scott,* the Court granted a temporary restraining order in favor of Plaintiff, a political party, that required state defendants to act six days in advance of the 2016 election after finding that the state's statutory framework regarding voter registration deadlines was unconstitutional. *Scott*, 215 F. Supp. 3d at 1258. In doing so, the Court noted that it was "not a case where failing to grant the requested relief would be a mere convenience to Plaintiff and its members." *Id.*

[3] *Duties of the Office of Secretary of State*, Secretary of State Mac Warner, https://sos.wv.gov/about/Pages/Duties-of-WVSOS.aspx (last visited Aug. 4, 2020).

himself stated: "People need to know the election process is open and fair. Then we can establish faith in government."[4] Nothing can do more to reflect fairness and public confidence in the election process than to ensure the voting process is constitutionally sound.

### III. Conclusion

Based on the aforementioned reasons, and in the interest of ensuring access to democracy and a fair, open, and transparent election in West Virginia, amici in this case respectfully urge this Court to not stay its July 20, 2020 bench ruling in this matter.

Respectfully submitted,

/s/ Loree Stark
Loree Stark
ACLU of West Virginia Foundation
West Virginia Bar No. 12936
P.O. Box 3952
Charleston, WV 25339-3952
(p): 914-393-4614
lstark@acluwv.org

---

[4] Jocelyn King, *Candidate: Corruption in W. Va. Is Chasing Away Jobs*, Weirton Daily Times (Sept. 1, 2016), *available at* https://www.weirtondailytimes.com/news/local-news/2016/09/candidate-corruption-in-w-va-is-chasing-away-jobs.