IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAKOTA NELSON;
BELINDA BIAFORE, individually and as
Chairperson of the West Virginia Democratic Party;
ELAINE A. HARRIS, individually and as
Chairperson of the Kanawha County Democratic Executive Committee;
WEST VIRGINIA DEMOCRATIC PARTY; and
WEST VIRGINIA HOUSE LEGISLATIVE COMMITTEE,

Plaintiffs,

v.  CIVIL ACTION NO.   3:19-0898

MAC WARNER in his official capacity as
West Virginia Secretary of State; and
VERA MCCORMICK, in her official capacity as
Clerk of Kanawha County, West Virginia, and all
ballot commissioners for the state of West Virginia,

Defendants.

**MEMORANDUM OPINION AND ORDER**

On August 10, 2020, the Court entered its final judgment declaring West Virginia Code § 3-6-2(c)(3) unconstitutional, enjoining the defendants from enforcing it, and ordering the defendants to implement a constitutional ballot ordering system for future elections, including the November 2020 general election. J. Order, ECF No. 126. The Secretary of State now moves for an emergency stay pending appeal. Sec'y's Mot., ECF No. 132. The Secretary mostly repeats the arguments raised in response to the plaintiffs' prior motion for an unstayed final judgment, ECF No. 108, and the Court still finds no reason to withhold immediate injunctive relief.

In deciding whether to stay an injunction pending appeal, the Court considers four factors. *Nken v. Holder*, 556 U.S. 418, 434 (2009). First, the Court considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." *Id.* The Court has already adjudicated this case's merits and disposed of the defendants' arguments. The repetition of these arguments does not constitute a strong showing of success on the merits. Second, the Court considers "whether the applicant will be irreparably injured absent a stay." *Id.* As the Court concluded in its final Memorandum Opinion and Order, there exists at least one constitutional option for ordering ballots that the defendants can feasibly implement by August 25. Mem. Op. and Order 40, ECF No. 125. This option—setting major parties' order by lot—serves the state's asserted interests just as well as § 3-6-2(c)(3). Although he may be burdened by the short period of time to implement an alternative, the Secretary will not be irreparably harmed without a stay. Third, the Court considers "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Nken*, 556 U.S. at 434. If the Court grants a stay, the election will proceed under a law already determined to unconstitutionally burden the right to vote and the right to equal protection. This would substantially injure not only the plaintiffs but all West Virginians who share an interest in fair elections that honor their constitutional rights. And fourth, the Court considers "where the public interest lies." *Id.* Because § 3-6-2(c)(3) is unconstitutional, the public interest overwhelmingly supports denying a stay to ensure that ballots for the general election are ordered in a constitutional manner.

Accordingly, the Court **DENIES** the Secretary's Emergency Motion to Stay Pending Appeal, ECF No. 132, and **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record.

ENTER: August 11, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE